IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYAN ERWIN FALLIS,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Civil No. 2:14-cv-00130-PA

OPINION AND ORDER

    BRYAN ERWIN FALLIS
    SID #11201924
    Snake River Correctional Institution
    777 Stanton Blvd
    Ontario, OR  97914

        Petitioner *Pro Se*

    ELLEN F. ROSENBLUM
    Attorney General
    FREDERICK M. BOSS
    Deputy Attorney General
    SAMUEL A. KUBERNICK
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Petitioner

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On October 21, 2008, a Lane County grand jury indicted Petitioner on three counts of Rape in the First Degree, six counts of Sodomy in the First Degree, three counts of Sexual Abuse in the First Degree, two counts of Using a Child in Display of Sexually Explicit Conduct, one count of Failure to Register as a Sex Offender (Felony), one count of Failure to Register as a Sex Offender (Misdemeanor), and one count of Unlawful Possession of Methamphetamine. The charges stemmed from petitioner's repeated abuse of his nine-year-old daughter.

On the state's motion, the trial court dismissed three charges: one count each of Sodomy in the First Degree, Sexual Abuse in the First Degree, and Using a Child in Display of Sexually Explicit Conduct. Petitioner pleaded guilty to Failure to Register as a Sex Offender (Felony), Failure to Register as a Sex Offender (Misdemeanor), and Unlawful Possession of Methamphetamine. A jury found Petitioner guilty of the remaining counts. The trial judge sentenced Petitioner to a total of 970

2 - OPINION AND ORDER -

months of imprisonment, followed by a period of post-prison supervision.

Petitioner filed a direct appeal, assigning error to the trial court's denial of a motion to suppress evidence. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Fallis*, 243 Or. App. 643, 257 P.3d 432, *rev. denied*, 350 Or. 574, 258 P.3d 1240 (2011).

Petitioner then sought state post-conviction relief ("PCR"). The PCR trial court dismissed the PCR petition on the state's motion for summary judgment. Petitioner appealed, and the Oregon Court of Appeals ultimately dismissed the appeal because Petitioner failed to properly serve the Notice of Appeal on the Oregon Attorney General as required by O.R.S. §§ 138.071(1) and 138.081(1)(a)(A). The Oregon Supreme Court denied review. Resp. Exh. 140.

On January 23, 2014, petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this court. Petitioner alleges the following grounds for relief:

> **Ground One:** Conviction was obtained by use of a fatally defective charging instrument that failed to confer subject matter jurisdiction to the trial court.
> **Supporting Facts:**
> 1. The "statutes" cited failed to rise to the state constitutional standard of "law" in that:
>    (a) the statutes used did not contain any enacting style;
>    (b) the statutes used do not have titles expressing the subject;

3 - OPINION AND ORDER -

       (c) the statutes used are exclusively published under private copyright;
2. The laws or statutes used are NOT certified constitutional by the Supreme Court of Oregon before being implemented.

**Ground Two**: Denial of effective/adequate assistance of counsel for defense of the accused.
**Supporting Facts**: Court appointed Public Defender failed to challenge the "law" used in/on the fatally defective charging instrument; failed to move for demurrer.

**Ground Three**: Denial of due process of law.
**Supporting Facts**: No evidentiary hearing was ever afforded to this petitioner in any state proceedings beyond the direct appeal.
Properly filed motions/inquiries/affidavits/declarations remained completely unacknowledged and unanswered.

**Ground Four**: Judicial misconduct/conflict of interest/prosecutorial misconduct by parties to the state.
**Supporting Facts**: Court appointed Public Defender, and all principal, agent, and adjudicative parties to the state are all exclusively obligated to support and promulgate state's interests and positions as co-prosecutors in perpetuity by superior contract.

**Ground Five**: Procedural default by principal, agent, and adjudicative parties to the state.
**Supporting Facts**: Unanswered properly filed motions/inquiries/affidavits/declarations are still pending without response.

**Ground Six**: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
**Supporting Facts**: Agent for the state failed to possess valid consent or court order/warrant for search/seize petitioner's property/premises.

Respondent argues Petitioner procedurally defaulted the claims alleged in Grounds One, Two, and Four; that Grounds Three

4 - OPINION AND ORDER -

and Five should be denied as vague; and that Ground Six fails to state a cognizable claim.

## DISCUSSION

### I.  Procedural Default - Grounds One, Two, and Four

Generally, a state prisoner must exhaust all available state law remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A federal claim is procedurally defaulted if the petitioner does not fairly present his federal claims to the appropriate state courts at all appellate stages afforded under state law, and state procedural rules would now bar consideration of the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir.), *cert. denied*, 132 S.Ct. 558 (2011).

Under the independent and adequate state rule doctrine, federal habeas review is prohibited when a state court declined to address a defendant's federal claims because the defendant failed to meet a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).  A state procedural rule constitutes an adequate procedural bar if it was "firmly established and regularly followed" at the time the rule was applied by the state court.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir. 1999).

5 - OPINION AND ORDER -

Once the state has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense, the burden shifts to the petitioner to place that defense in issue. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003). The petitioner may satisfy his burden by asserting specific factual allegations demonstrating the inadequacy of the state procedure, including citation to authority demonstrating the inconsistent application of the state rule at issue. *Id.* at 586. Once the petitioner has met this burden, the burden then shifts back to the state, and the state bears the ultimate burden of proving the adequacy of the state procedural rule. *Id.*

Habeas review of procedurally defaulted claims is precluded absent a showing of cause and prejudice, or that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In Ground One, petitioner alleges his conviction was obtained by use of a fatally defective charging instrument. Such a claim of trial error must exhausted in Oregon through a direct appeal. *See Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). Petitioner did not raise this issue in his direct appeal; the only claim raised was a challenge to the trial court's denial of a motion to suppress. Because the time to file a direct appeal

6 - OPINION AND ORDER -

expired, petitioner procedurally defaulted the trial error claim alleged in Ground One. Furthermore, petitioner has failed to demonstrate cause and prejudice to excuse the procedural default, or that a miscarriage of justice will occur if his claim is not considered.

In Grounds Two and Four, petitioner alleges claims of ineffective assistance of counsel and prosecutorial misconduct, both of which are properly exhausted in Oregon through the state PCR process. As noted, however, petitioner's PCR appeal was dismissed for want of jurisdiction because Petitioner failed to timely serve the Notice of Appeal. The dismissal of petitioner's appeal was pursuant to an adequate and independent state-law ground, not based on federal law. Because petitioner's PCR appeal was dismissed, the claims alleged in Grounds Two and Four have not been fairly presented to Oregon's highest court and they are procedurally defaulted. Furthermore, petitioner has failed to demonstrate cause and prejudice to excuse the procedural default, or that a miscarriage of justice will occur if his claims are not considered.

## II. Vague Claims - Grounds Three and Five

In Ground Three, petitioner alleges "[d]enial of due process of law," because "no evidentiary hearing was ever afforded" him in any state proceedings beyond his direct appeal and because "properly filed" motions remain unacknowledged and unanswered. In

7 - OPINION AND ORDER -

Ground Five, petitioner alleges "procedural default by principal, agent, and adjudicative parties to the state," again because "properly filed" motions are still pending in state court without response.

Under 28 U.S.C. § 2254(a), habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Pursuant to Rule 2(c) of the Rules Governing § 2254 cases, a habeas corpus petition must "specify all the grounds for relief that are available" and must ."set forth in summary form the facts supporting each of the grounds that is specified." Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. As such, "[i]t is well settled that '[c]onclusory allegations which are not supported by a statement of specifics do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (1994)). Rule 4 of the Rules Governing § 2254 Cases allows the court "to dismiss summarily the petition on the merits when no claim for relief is stated." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

The claims alleged in Grounds Three and Five do not allege facts supporting a claim that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Instead, Grounds Three and Five appear to challenge the alleged failure of the state courts to act upon petitioner's

8 - OPINION AND ORDER -

various submissions. As such, Gounds Three and Five do not state claims upon which habeas corpus relief may be granted.

### III. Unlawful Search and Seizure - Ground Six

In Ground Six, petitioner alleges his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, in violation of the Fourth Amendment. In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that a habeas petitioner may not be granted relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial if the state courts provided a full and fair opportunity to litigate the Fourth Amendment claim. *See also Terrovona v. Kincheloe*, 912 F.2d 1176, 1178 (9th Cir. 1990). The relevant inquiry under *Stone* is whether the petitioner had the opportunity to litigate his claim, not whether he in fact did so or even whether the claim was correctly decided. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Here, petitioner received a full and fair opportunity to litigate his Fourth Amendment claims at the trial level and on direct appeal. The trial court conducted a lengthy pretrial hearing on petitioner's motion to suppress. The issue was briefed extensively on appeal to the Oregon Court of Appeals and then renewed before the Oregon Supreme Court. Accordingly, petitioner's Ground Six claim of illegal search and seizure under

9 - OPINION AND ORDER -

the Fourth Amendment is not cognizable in a § 2254 habeas corpus action.

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20 day of February, 2015.

Owen M. Panner
United States District Judge

10 - OPINION AND ORDER -